D. MICHAEL SCHOENFELD, SBN 102332
J. SCOTT ALEXANDER, SBN 190034
LISA D. NICOLLS, SBN 234376
MURPHY AUSTIN ADAMS SCHOENFELD LLP
304 "S" Street (95811-6906)
Post Office Box 1319
Sacramento, California 95812-1319
Telephone: (916) 446-2300
Facsimile: (916) 503-4000
Email: mschoenfeld@murphyaustin.com
Email: salexander@murphyaustin.com
Email: lnicolls@murphyaustin.com

Attorneys for Plaintiff
NADA PACIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADA PACIFIC CORPORATION, a California corporation,<br>Plaintiff,<br>v.<br>POWER ENGINEERING AND MANUFACTURING, LTD., an Iowa corporation,<br>Defendant. | Case No. 3:12-cv-05133-SC<br>**STIPULATION AND PROTECTIVE ORDER** |
| AND RELATED CROSS-ACTION. | |

The parties to this Stipulation and Protective Order are Plaintiff NADA PACIFIC CORPORATION ("NADA"), Defendant and Third-Party Plaintiff POWER ENGINEERING AND MANUFACTURING, LTD. ("PEM"), Third-Party Defendant BESSER COMPANY ("BESSER"), and Third-Party Defendant and Cross-Claimant AKKERMAN INC. ("AKKERMAN"). The parties stipulate that the Court shall enter a protective order under Federal Rules of Civil Procedure 26(c) and 34.

1. Proceedings and Information Governed. This Stipulation will govern any and all confidential document(s), information, or other thing furnished by any party to any other party in



MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

connection with the exchange of documents and materials. The information deemed to be confidential and protected for purposes of this Stipulation includes, but is not limited to, Bid Estimates, Bid Documents, and Job Cost Logs pertaining to the public works improvement project at issue in the above-captioned litigation known as the San Francisco Public Utilities Commission-Alameda Siphon Project No. 4 (hereinafter "Project") and the microtunnel boring machine used on the Project, including the components which were a part thereof.

2. Confidential Information Defined. For the purposes of this Stipulation, "confidential information" will mean all information or material that:

(a) The party producing the information and/or document(s) reasonably believes to constitute or contain trade secrets or other confidential information, whether embodied in physical objects, documents, or the factual knowledge of persons; and

(b) Has been designated as confidential information by the party in compliance with this Stipulation.

The restrictions of this Stipulation will not apply to any information that:

(a) At the time of the disclosure to a qualified recipient (as defined in paragraph 5) is in the public domain;

(b) After disclosure to a qualified recipient becomes part of the public domain as a result of publication not involving a violation of this Stipulation;

(c) A qualified recipient can show was in its possession at the time of the disclosure;

(d) A qualified recipient can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or

(e) A qualified recipient can show was independently developed by it after disclosure.

3. Designation of Confidential Information. The parties will designate confidential information by stamping or affixing to the physical objects or documents a legend that includes the following language:

NPC CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

PEM CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

BESSER CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

AKKERMAN CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

4. Party's Own Information. The restrictions on the use of confidential information established by this Stipulation apply only to the use by a party of confidential information received from the parties.

5. Persons Authorized to Receive Confidential Information. For the purpose of this Stipulation, "qualified recipient" will mean:

(a) The attorneys of record in this action; any attorneys retained by the parties in this action to consult on the litigation; their respective associates, clerks, legal assistants, and stenographic and support personnel; and organizations, and their employees, retained by such attorneys to provide litigation support services in this action;

(b) Any independent consultant or other person who is designated by written agreement of all parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as allowed by the Court) permitting such disclosure, or who may otherwise obtain authorization to receive confidential information in accordance with this Stipulation;

(c) The officers, directors and employees of a party;

(d) Mediators and Arbitrators agreed upon by the parties or appointed by a Court;

(e) The persons who are authors or addressees of the confidential information; and

(f) Other persons to whom the parties agree or the Court orders that disclosures will be made.

6. Documents Produced By the Parties. At the request of the Parties, all documents and physical objects produced as a result of this Stipulation, as identified in paragraph 1, and



MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

marked as confidential will initially be considered to constitute confidential information. The Parties may designate any documents, testimony or information as containing Confidential Information which it has previously produced or exchanged without such designation or that has been produced by the parties and was not designated as containing Confidential Information at the time produced. Notice of such post-production designation shall be given in writing to all parties to whom such materials have previously been furnished within thirty (30) calendar days after the document or information has been produced. From the time such post-production designation is made, it shall have the same effect as if each individual item designated on a post-production basis was, in fact, marked as set forth above.

7. Removal. A party may seek removal of particular items of confidential information from this Stipulation by giving counsel for the other party written notice of its intent to seek removal, supported by reasons for the removal, specifying the items of confidential information for which removal is sought. The request will become effective unless, within ten (10) days after actual receipt of the request, the party serves a written objection to the removal, stating the reasons for the objection to the removal. The parties will confer to attempt to resolve the objection, but if the parties cannot resolve the objection within five (5) business days after actual receipt of the written objection, the receiving party will have an additional five business days to file and serve the other parties with a motion for removal from the protective order from the Court. At a hearing on the motion for removal, the receiving party will have the burden of proving that the information is subject to an exception stated in paragraph 2, or not confidential as that term if defined in paragraph 2.

8. Use of Confidential Information. Any confidential information will be handled by the receiving party in accordance with the terms of this Stipulation. Confidential information will be held in confidence by each receiving party, will be used by each receiving party for purposes of this action (or arbitration) only and not for any business or other purpose unless agreed to in writing by all parties to this action (or arbitration) or as authorized by further order of the Court, and will not be disclosed to any person who is not a qualified recipient, except as provided in this Stipulation. All confidential information will be maintained to preclude access by persons who

are not qualified recipients. Any violation of this protective order by a receiving party will subject the violating party to contempt proceedings, and the party claiming a violation of this agreement shall be entitled to seek monetary or other sanctions against the violating party. In the event that any party to this Stipulation pursues contempt proceedings, or seeks sanctions or enforcement of the terms of this protective, whether in the context of judicial or arbitration proceedings, that party shall be entitled to recover reasonable attorneys' fees, but only if that party prevails in such proceedings.

9. Copies of Confidential Information. Confidential information will not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients as specified in paragraph 10, without the written permission of the producing party or by further order of the Court/Arbitrator(s). Counsel receiving Confidential Documents shall maintain a list showing the name of each person to whom access to Confidential Documents is given by said counsel along with the date thereof.

10. Transmission of Information. Nothing in this Stipulation will prohibit the transmission or communication of confidential information between or among qualified recipients:

(a) By hand delivery;

(b) by face-to-face conference;

(c) In sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

(d) By telephone, telegram, facsimile, or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

11. Disclosure to Experts, Consultants, and Other Persons. In the preparation for trial, mediation, arbitration or analysis of claims and/or disputes relating to the Project, if a qualified recipient finds it necessary to disclose a producing party's confidential information to an independent technical or business expert, consultant, or any other person retained by the qualified recipient or its attorneys to assist in this action, the qualified recipient may do so. However, any

such expert, consultant or other person receiving confidential information shall be bound by the terms of this Agreement and shall agree, in writing, as an express condition precedent to the disclosure of said confidential information, to maintain the confidentiality of the disclosure.

12. Affidavits. Each person to whom confidential information will be given, shown, disclosed, made available, or communicated in any way, except clerical and stenographic personnel described in paragraph 5, will first execute an affidavit, in the form of Attachment A to this Stipulation, agreeing to be bound by the terms of this Stipulation. A copy of the affidavit will be served on all parties.

13. Court Procedures. In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed in, any pleading, brief, deposition transcript, or other paper field with the Clerk of this Court, the portions of such papers containing Confidential Information shall be filed with a motion asking that such pleading, brief, deposition transcript, or other paper be sealed in the Court file with the following legend: "CONFIDENTIAL: This envelope is sealed under order of the Court, contains confidential information, and may not be opened nor the contents revealed except by order of the Court." Any court or arbitration hearing that refers to or describes confidential information, documents and materials will be held in camera in the Court's discretion. The manner of presentation and use of confidential information, documents or materials at trial (or arbitration or mediation) will be addressed in the pretrial conference or pre-arbitration order. The Parties agree that the Court, in preparing, evaluating or issuing any pretrial order, pre-arbitration order, or any other order regarding the admissibility of evidence or testimony, which evidence or testimony contains, references or otherwise related to information, documents or materials designated by the parties as confidential in accordance with the terms of this Stipulation, may and should strongly consider the terms of this Stipulation during the preparation, evaluation or issuance of any such order.

14. Testimony. Any person may be interviewed and examined as a witness at depositions and may testify concerning all confidential information of which the person has prior knowledge. If an interview or examination concerns confidential information, the producing party will have the right to exclude from the portion of the examination or interview concerning

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

the confidential information any person other than the witness, the witness's attorney(s), and qualified recipients of the confidential information. If the witness is represented by an attorney who is not a qualified recipient, then before the interview or examination, either the producing party will be given the opportunity to seek a further protective order or the attorney will be requested to provide an affidavit, in the form of Attachment A to this Stipulation, that he or she will comply with the terms of this Stipulation and maintain the confidentiality of confidential information disclosed during the course of the interview or examination. If the attorney declines to give the affidavit, the parties' attorneys, before the interview or examination, will jointly seek a further protective order from the Court/Arbitrator(s) prohibiting the attorney from disclosing the confidential information.

15. Depositions. Any deposition reporter who takes down testimony in this action will be given a copy of this Stipulation and will be required to agree on the transcript of the deposition, before taking down any testimony, that he or she will not disclose any testimony and information revealed at the deposition, except to the attorneys of record for the parties in this action.

At the written request of a party, the original and all copies of any deposition transcript will be initially considered as a whole to constitute confidential information subject to this Stipulation. On written demand by a non-requesting party, accompanied by a written designation of the portions of testimony in the transcript that the non-requesting party considers to constitute non-confidential information, the requesting party will have ten (10) days after actual receipt of the demand to designate in writing those portions of the testimony in the transcript that the requesting party considers to constitute confidential information. Any disputes over this designation will be resolved through the procedure designated in paragraph 7 for removal of information from designation as confidential information. Once resolved, the reporter will promptly conform the original copy, and counsel will conform their copies, of the transcript in accordance with the agreed-on or resolved designation. The portions designated as confidential information will thereafter be separated and treated as confidential information subject to this Stipulation.

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

16. Subpoenas. If any person or party having possession, custody, or control of any confidential information receives a subpoena or other process or order to produce confidential information, he or she will promptly:

(a) Notify in writing the attorneys of record for the party claiming confidentiality of the confidential information sought by the subpoena or other process or order;

(b) Furnish those attorneys with a copy of the subpoena or other process or order; and

(c) Provide reasonable cooperation with respect to any procedure to protect the confidential information sought to be pursued by the party whose interests may be affected.

If a party makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure of the subject matter objected to under the subpoena, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this Stipulation.

17. Attorneys' Actions. Nothing in this Stipulation will bar or otherwise restrict an attorney who is a qualified recipient from:

(a) Rendering advice to his or her client with respect to this action; or

(b) Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation and that contain confidential information.

In rendering such advice or in otherwise communicating with his or her client, the attorney will not disclose the specific content of any document produced by NADA or any other party, or the confidential information contained in any document produced, if disclosure would not otherwise be permitted under the terms of this Stipulation.

18. No Waiver. The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, of any claim or defense in this action or any other action,

including but not limited to, any claim or defense that any information:

(a) Is or is not relevant, material, or otherwise discoverable;

(b) Is or is not confidential or proprietary to any party;

(c) Is or is not entitled to particular protection; or

(d) Embodies or does not embody confidential commercial information of any party.

In making this claim or defense, the party must comply with the procedures described in this Stipulation. This Stipulation is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this Stipulation, when convenience or necessity requires. The procedures set forth in this Stipulation will not affect the rights of the parties to object to discovery on grounds other than those related to confidential or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

19. No Probative Value. This Stipulation will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential information. The fact that information is designated as confidential information under this Stipulation will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary.

Absent a Stipulation of all parties, the fact that information has been designated as confidential information under this Stipulation will not be admissible during the trial or arbitration of this matter, nor will the jury be advised of this designation. The fact that any information is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or arbitration tribunal as evidence that the information:

(a) Is or is not relevant, material, or otherwise admissible;

(b) Is or is not confidential or proprietary to any party;

(c) Is or is not entitled to particular protection; or

(d) Embodies or does not embody confidential commercial information of any

party.

20. Return of Information. Within ten (10) days after entry of final judgment in or the filing of dismissals with prejudice concluding this litigation (including appeals), counsel shall return all Confidential Documents produced in accordance herewith and shall destroy all notes, synopsis, summaries or digests of Confidential Documents and information therein. Notice of destruction as aforesaid shall be given by counsel to all other counsel. All confidential information not embodied in written materials, documents, or tangible items will remain subject to this Stipulation. In no event will a party retain a copy of any confidential information produced to it.

21. Court's Jurisdiction. The court/arbitrator(s) retains jurisdiction to make amendments, modifications, deletions, and additions to this Stipulation as the Court from time to time considers appropriate. The provisions of this Stipulation regarding the use or disclosure of information designated as confidential information will survive the termination of this action, and the Court will retain jurisdiction with respect to this Stipulation.

22. Notices. Any of the notice requirements in this Stipulation may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

Dated: 6/27, 2013

MURPHY AUSTIN ADAMS SCHOENFELD LLP

By: ______________________________
D. MICHAEL SCHOENFELD
Attorneys for Plaintiff NADA PACIFIC CORPORATION

Dated: June 25, 2013

GUICHARD TENG & PORTELLO, A.P.C.

By: ______________________________
MATTHEW P. GUICHARD
WILLIAM L. PORTELLO
CHRISTOPHER K. TENG
Attorneys for Defendant and Third-Party Plaintiff POWER EGINEERING AND MANUFACTURING, LTD.

Dated: June 21, 2013

BAKER & HOSTETLER LLP

By: ______________________

CORY M. CURTIS
Attorneys for Third Party Defendant
BESSER COMPANY

Dated: ____________, 2013

HOVERSTEN, JOHNSON, BECKMAN & HOVEY, LLP

By: ______________________

CAMERON D. DAVIS
Attorneys for Third Party Defendant and
Cross-Claimant AKKERMAN INC.

**IT IS SO ORDERED:**

Date: ____________, 2013

______________________
JUDGE OF THE DISTRICT COURT

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW

Dated: ____________, 2013

BAKER & HOSTETLER LLP

By: ______________________
CORY M. CURTIS
Attorneys for Third Party Defendant
BESSER COMPANY

Dated: 6-21, 2013

HOVERSTEN, JOHNSON, BECKMAN & HOVEY, LLP

By: ______________________
CAMERON D. DAVIS
Attorneys for Third Party Defendant and Cross-Claimant AKKERMAN INC.

**IT IS SO ORDERED:**

Date: 09/11, 2013

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Judge Samuel Conti

JUDGE ... RT

MURPHY AUSTIN ADAMS SCHOENFELD LLP
ATTORNEYS AT LAW